HOOVER *v.* GARRISON.

5-3657                                              395 S. W. 2d 19

Opinion delivered November 1, 1965.

*Clark, Clark & Clark,* for appellant.

*Guy H. Jones,* for appellee.

SAM ROBINSON, Associate Justice. Appellant, Paul Hoover, is the 14 year old son of appellant, James Hoover, Jr. On the 17th day of May, 1963, Paul, while driving his father's car, ran into an automobile owned by the appellee, Cecil Garrison. On November 12, 1963, Garrison's attorney wrote to James Hoover stating that his client's car had been damaged in the sum of $115.00 by the aforesaid collision, and demanded the payment of that amount. Hoover made no offer of settlement. On March 3, 1964, Garrison filed suit alleging the damages to his car amounted to $150.00. He asked for judgment for double that amount and for an attorney's fee under the provisions of Ark. Stat. Ann. 75-918 (Repl. 1957), which provides:

"In all cases wherein loss or damage occurs to property resulting from motor vehicle collision amounting to two hundred ($200.00) dollars or less, and the defendant liable therefor shall, without meritorious defense, fail to pay the same within 60 days after written notice of the claim has been received, such defendant shall be liable to pay the person entitled thereto, double the amount of such loss or damage, together with a reasonable attorney's fee which shall not be less than fifty dollars ($50.00), and court costs. This liability which is limited to damage to property, attaches when liability is denied and suit is filed.''

The cause was tried to a jury. There was a verdict for the plaintiff in the sum of $150.00. On authority of the aforementioned statute, the court assessed an additional $150.00 by way of penalty, and an attorney's fee of $150.00.

On appeal, the Hoovers concede that the evidence is sufficient to support the jury verdict, but they contend that the trial court erred in giving effect to the foregoing statute by assessing an additional $150.00 as damages, and an attorney's fee. We see no valid reason why the statute should not apply in this case. The notice required by the statute was given, and the jury returned a verdict for the full amount asked by plaintiff. True, the notice stated damages in the sum of $115.00 and the suit was filed asking for $150.00, but appellants never at any time offered to pay any amount. This is not a case of plaintiff demanding a very small amount of damages thereby lulling the defendants into believing that only a trifle was involved and then filing suit for a much greater amount. Here, there is only $35.00 difference in the amount claimed as damages before suit was filed and the amount asked in the complaint. Moreover, when appellee filed suit for $150.00 appellants made no offer to pay the original amount demanded, or any other sum.

The court read to the jury the above mentioned statute providing for double damages and attorney's fee. Although it was not necessary to read the statute to the jury, we fail to see how the appellants were in any man-

ner thereby prejudiced. In fact, it appears that by informing the jury regarding the statute, the appellee's case could have been prejudiced.

Finding no error, the judgment is affirmed.